UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re JAMES KARIM MUHAMMAD,<br><br>Petitioner. | Case No. 15-mc-80070-JST<br><br>**ORDER DISMISSING EX PARTE MOTION FOR LACK OF JURISDICTION**<br><br>Re: ECF No. 2 |

Before the Court is Petitioner James Karim Muhammad's Ex Parte Motion for Emergency Protective Order and Injunctive Relief Restraining Creditor, North Richmond Senior Housing Inc. from Enforcing Judgments of the State of California in Violation of Chapter 7 [Dis]charge. ECF No. 1.

While the petition is styled as a motion for an emergency protective order or a temporary restraining order, it is clear from the text of the document that Petitioner seeks to appeal a future decision of the Bankruptcy Court for the Northern District of California. Petitioner recently requested a protective order from that court, in Bankruptcy Case No. 14-41311, to prevent enforcement of an unlawful detainer judgment rendered in the Contra Costa County Superior Court. Petitioner expects the bankruptcy court to deny his request for a protective order, although as of now that court has taken no action on Petitioner's request.

This Court finds that it lacks jurisdiction to hear Petitioner's appeal. This Court cannot hear an appeal from the bankruptcy court unless that court has issued a final order or judgment. See Bankr. L.R. 8001-2(a). The bankruptcy court has not issued a final order denying Petitioner's motion for a protective order.

Although the lack of a final order from the bankruptcy court is dispositive, the Court notes that there are additional problems with Petitioner's petition. First, the Court can only grant a TRO

1 if Petitioner meets one of the following tests.  First, he could show (1) a strong likelihood of
2 success on the merits, (2) the possibility of irreparable injury to him if preliminary relief is not
3 granted, and (3) a balance of hardships favoring him.  Second, he could show a combination of
4 probable success on the merits and the possibility of irreparable harm.  Third, he could show that
5 serious questions are raised and the balance of hardships tips sharply in his favor.  Behymer-Smith
6 ex rel. Behymer v. Coral Academy of Science, 427 F.Supp.2d 969, 972 (D. Nev., 2006) (citations
7 omitted).  But he has shown none of these.  He does indicate that he is about to be evicted, but he
8 shows no legal error in the proceedings below, and so he has not shown that serious questions are
9 raised, much less that he is likely to succeed on the merits.

Also, Petitioner has not given any notice to the opposing parties.  Local Rule 65-1(b) specifically requires that "on or before the day of an ex parte motion for a temporary restraining order, counsel applying for the temporary restraining order must deliver notice of such motion to opposing counsel or party."  Petitioner's excuse that "there is not enough time for debtor to serve regular notice of hearing on creditor and its attorneys," ECF No. 1 at 2, simply isn't true.

The Court hereby dismisses Petitioner's ex parte motion for lack of jurisdiction.[1]

IT IS SO ORDERED.

Dated: March 8, 2015

_____
JON S. TIGAR
United States District Judge

---

[1] To the extent that jurisdiction over Petitioner's claim even exists in the United States District Court, the Court notes that Petitioner has already filed another action before a different judge of this district challenging the underlying unlawful detainer action.  See Muhammad v. N. Richmond Senior Housing, Inc., Case No. 3:15-cv-00629-WHO, ECF No. 1 (notice of removal and counter-complaint).

2