UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re JAMES KARIM MUHAMMAD,

Petitioner.

Case No. 15-mc-80070-JST

**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS**

Re: ECF No. 9

On March 6, 2015, Petitioner filed a document entitled "Ex Parte Motion for Emergency Protective Order and Injunctive Relief Restraining Creditor, North Richmond Senior Housing Inc. from Enforcing Judgments of the State of California in Violation of Chapter 7 [Disc]harge." ECF No. 1. Petitioner sought, by that application, to prevent his eviction as ordered by a state court in an unlawful detainer proceeding brought by North Richmond Senior Housing. Id.

The Court construed Petitioner's filing as an appeal from the Bankruptcy Court for the Northern District of California, since that was the sole potential basis for this Court to exercise jurisdiction over what is otherwise a state-court unlawful detainer proceeding. ECF No. 3. In his motion for a protective order before the bankruptcy court, and in his application to this Court, Petitioner alleged that the unlawful detainer action had proceeded in violation of the bankruptcy court's earlier order discharging Petitioner's debt. ECF No. 1. At the time that Petitioner filed his application, the bankruptcy court had warned Petitioner that it was likely to deny his motion for a protective order. Id.

Upon review, this Court found that it lacked jurisdiction to hear Petitioner's appeal. ECF No. 3. At the time Petitioner filed his request for an emergency protective order, the bankruptcy court had not yet entered a final order or judgment denying his motion for a protective order. Id. Accordingly, there was no final order or judgment that could be appealed to this Court. Id.

Petitioner then appealed this Court's denial of his ex parte application to the Ninth Circuit Court of Appeals by filing an "ex parte motion for emergency protective order and relief restraining creditor, North Richmond Senior Housing Inc., from enforcing judgment of state court in violation of Chapter 7 discharge." ECF Nos. 4, 8. On March 10, 2015, the Ninth Circuit denied Petitioner's motion before that court.

The Ninth Circuit then asked this Court to determine whether, given its denial of Petitioner's motion for an emergency protective order, his *in forma pauperis* status should continue on appeal. ECF No. 9. "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C.A. § 1915(a)(3).

The Ninth Circuit has already reviewed and rejected the substance of Petitioner's motion for an emergency protective order. The only extant issue for the Ninth Circuit to resolve on appeal is the propriety of this Court's denial of Petitioner's ex parte application for lack of jurisdiction. The Court finds no arguable basis to believe this Court had jurisdiction to entertain an appeal of a bankruptcy court order that had not been entered. Therefore, it is the judgment of this Court that what remains of Plaintiff's appeal is frivolous, as it "has 'no arguable basis in fact or law.'" O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990) (quoting Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)). Appeal of the dismissal is therefore not "taken in good faith" within the meaning of 28 U.S.C. § 1915(a)(3). See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

IT IS SO ORDERED.

Dated: March 24, 2015

_____
JON S. TIGAR
United States District Judge